**UNITED STATES of America,**
**Appellee,**

v.

**Jenrry E. MUNOZ, Defendant–**
**Appellant.**

**No. 07–1703–cr.**

United States Court of Appeals,
Second Circuit.

Aug. 12, 2008.

David A. Lewis, Federal Defenders of New York, Inc., Appeals Bureau, New York, N.Y., for Appellant.

Michael J. Garcia, U.S. Atty., Jeffrey A. Brown, Diane Gujarati, Assts. U.S. Attys., New York, N.Y, for Appellee.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI and Hon. REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

Defendant–Appellant Jenrry Munoz appeals from the September 19, 2006, judgment of the District Court, sentencing him primarily to 87 months' imprisonment fol-

lowing his plea of guilty to illegal reentry after having been deported, in violation of 8 U.S.C. § 1326(a). We assume the parties' familiarity with the facts.

The Appellant contends that the sentence, which is at the top of the applicable Guidelines range, is unreasonable because the District Court allegedly based its sentence upon unreliable evidence, namely Munoz's arrest record which listed fourteen arrests that did not result in convictions. The Appellant bases this argument on the fact that the District Judge during sentencing stated, that "[setting his former wife on fire] is not the only violent crime he has committed. There are many others." Appellant has been convicted of one other assault besides the one to which the District Judge specifically referred, and also has several other non-assault convictions. Because the district court used the word "many," Appellant asserts that the District Court must have based his sentence on the bare recitation of the number of Munoz's arrests, including four arrests for assaults, that did not result in conviction. Even assuming, however, that District Judge inaccurately spoke in this regard, it did not impose an unreasonable sentence. Any error in using the word "many" was harmless.

Given this judgment, oral argument on this case is not required; Appellant's motion for oral argument is therefore denied.